IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No.  02-cv-00830-WDM-MEH

HARRY PTASYNSKI,

    Plaintiff,

v.

CO2 CLAIMS COALITION, LLC, a Colorado Limited Liability Company, et al.,

    Defendants.

---

**ORDER**

---

Miller, J.

This matter is before me on several motions: (1) Defendants Bill Beard, Sidney R. Clarke, III, and Gary Mahaffey's ("the Managers") motion to dismiss and for attorney's fees, filed April 27, 2005;[1] (2) Plaintiff Harry Ptasynski's ("Ptasynski") motion to strike the Managers' motion to dismiss, filed May 17, 2005; (3) Defendant CO2 Claims Coalition's ("the Coalition") partial motion to dismiss, filed May 25, 2005; and (4) Defendants John M. Cogswell, James Leo Crowley, David C. Hjelmfelt, and Michael J. Heaphy's ("the Attorneys") motion for attorney's fees and costs, filed June 1, 2005.  I have considered the motions, responses, replies, the Second Amended Complaint, my previous orders, and other pertinent filings.  For the reasons that follow, the motions will be denied, except for the Attorneys' motion for attorney's fees.

---

[1] Defendant Gary Mahaffey joined in this motion on May 4, 2005 (See Docket No. 109).

Background

As discussed more thoroughly in previous orders, Ptasynski's claims arise from his membership in the Coalition, a Colorado limited liability company (LLC) that was organized to litigate claims against mining companies for the wrongful pricing of carbon dioxide produced from the McElmo Dome Unit. Although Ptasynski was a member of the Coalition at one point, because it no longer recognizes him as a member, he has not received a share of any of the Coalition's "profits." As a result of this alleged injury, Ptasynski brings various claims against the Coalition's managers and attorneys.

Discussion

1.  The Managers' Motion to Dismiss and Ptasynski's Motion to Strike

In his motion to strike, and in his opposition to the motion to dismiss, Ptasynski relies on an argument that, if accepted, would preclude my reaching the merits of the motion to dismiss. Therefore, I will first address Ptasynski's argument.

Ptasynski argues that I should not consider the issues raised in the motions to dismiss because I have already ruled on these issues in my March 30, 2005 order. In that order, I partially granted Ptasynski's motion to amend his complaint, and accepted his Second Amended Complaint for filing. As to the claims to be amended, I rejected the Managers' arguments that amendment would be futile. Ptasynski argues that there are no substantial differences between the issues I decided in the March 30, 2005 order and the issues argued in the current motions to dismiss. Therefore, Ptasynski argues that the motions should either be denied or stricken. In response, the Managers argue that my order on the motion to amend dealt with different issues under

a different standard of review, and should not prevent them from now moving for dismissal under Fed. R. Civ. P. 12(b)(6).

After considering the parties arguments, I conclude that my March 30, 2005 order should not preclude consideration of the current motion to dismiss. I agree with Ptasynski that there is very little, if any, difference between deciding whether amendment of a complaint would be futile and whether the complaint should be dismissed under Rule 12(b)(6). However, Ptasynski cites no authority or doctrine that would prevent my consideration of the motions to dismiss. To the extent these motions raise some new arguments not made regarding Ptasynski's motion for leave to amend, I should consider these new arguments. Therefore, Ptasynski's motion to strike will be denied and I will consider the merits of the motion to dismiss.

In their motion to dismiss, the Managers first argue that Ptasynski's claim for civil theft should be dismissed because the Coalition has returned all of the funds it received from him, and because he has failed to allege that they committed theft, robbery, or burglary. I disagree. First, even if Ptasynski has received all of his property back, he may still be able to maintain a claim for theft. *See People v. Am. Health Care, Inc.*, 591 P.2d 1343, 1345 (Colo. Ct. App. 1979) ("[R]eturn of the property does not necessarily negate the existence of a wrongful intent."). Second, I find that Ptasynski's Second Amended Complaint sufficiently alleges the crime of theft. After describing various items of value, including money, Ptasynski alleges that the Managers, without authorization, "knowingly used, concealed and abandoned" these items with the intent to permanently deprive him of them. *See* Colo. Rev. Stat. § 18-4-

401 (defining the crime of theft); *Itin v. Ungar*, 17 P.3d 129 (Colo. 2000). Therefore, dismissal of this claim would be inappropriate.

The Managers next argue that Ptasynski's Third Claim for Relief for breach of statutory duties and other duties should be dismissed because under Colo. Rev. Stat. § 7-80-404, managers of an LLC owe fiduciary duties only to the LLC itself, and not to other members. However, the Managers mistakenly rely entirely upon the language of Colorado's LLC statutes as they exist today. *See* Colo. Rev. Stat. § 7-80-404(3) (2005) (requiring a manager to discharge her duties "*to the limited liability company* and exercise any rights consistently with the obligation of good faith and fair dealing.") (emphasis added). However, these provisions became effective in July 2004, after the time that Ptasynski alleges that the Managers breached their duties. Prior to the 2004 amendments, a manager of an LLC was required to "perform his duties as a manager in good faith, in a manner he reasonably believes to be in the best interests of the limited liability company, and with such care as an ordinarily prudent person in a like position would use under similar circumstances." Colo. Rev. Stat. § 7-80-406 (2003). Because the Managers rely upon the wrong version of the Colorado statutes, their motion to dismiss makes little sense and will be denied.

Next, the Managers argue that Ptasynski's claim for tortious interference with contractual relations (Claim Five) should be dismissed because he does not allege that they were motivated *solely* by the desire to harm him. *See W.O. Brisben Cos. v. Krystkowiak*, 66 P.3d 133 (Colo. Ct. App. 2002) ("[A]n agent acts improperly only when he or she is motivated *solely* by the desire to harm one of the contracting parties or to

4

interfere in the contractual relations between the parties.") (emphasis added). I disagree. Although Ptasynski does not use the term "solely," he does allege that the Managers acted willfully, intentionally, and maliciously. In addition, all reasonable allegations must be construed in Ptasynski's favor, *United States v. Colo. S. Ct.*, 87 F.3d 1161, 1164 (10th Cir. 1996), and his complaint gives no indication that any motivation other than malice contributed to the Managers' actions. Accordingly, I cannot say that without a doubt, Ptasynski can prove no set of facts that would entitle him to relief, and dismissal is not appropriate. *Id.*

The Managers next argue that Ptasynski's claims for conspiracy (Claim Six) should be dismissed. In support, the Managers re-assert arguments that were necessarily rejected by my March 30, 2005 order. Having reconsidered these arguments, I conclude that for the reasons stated in that order, dismissal is not appropriate.

The Managers also argue that Ptasynski's claim for negligence (Claim Seven) should be dismissed based on the economic loss rule. *See Town of Alma v. Azco Constr., Inc.*, 10 P.3d 1256, 1264 (holding that "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law"). I disagree. Among other things, Ptasynski claims that the Managers breached their duties of good faith and fair dealing. These allegations can reasonably be read to refer to duties owed him under Colo. Rev. Stat. § 7-80-406 (2003). Therefore, the duty that the Managers' owed Ptasynski arose from a source independent of their contracts, and the economic loss

5

rule does not apply. *See Alma*, 10 P.3d at 1262-63.

Finally, as to the Eighth Claim, the Managers persist in making arguments previously rejected by my March 30, 2005 order. The fact that it has been previously determined that plaintiff opted out of the settlement does not preclude all potential issues raised by an assertion that Ptasynski was a member of the coalition entitled to compensation.

2. <u>The Coalition's Motion to Dismiss</u>

In their motion, the Coalition argues that Ptasynski's claims for civil theft and declaratory judgment should be dismissed. In support, they assert arguments that are virtually identical to those made by the Managers regarding these claims. Therefore, for the reasons discussed above, this motion will be denied.

3. <u>The Attorneys' Motion for Attorney's Fees</u>

The Attorneys seek an award of attorney's fees pursuant to Colo. Rev. Stat. § 13-17-201 which provides that a defendant is entitled to reasonable attorney's fees in the event the claim is dismissed under a Rule 12(b) motion. This statute applies in a diversity case such as this. *Zerr v. Johnson*, 120 F.3d 272 (10th Cir. 1997). The Attorneys' motions to dismiss were granted in my February 26, 2003 and March 31, 2004 orders.

Plaintiff argues that the Attorneys' motion was not timely because it was not filed within 14 days of my order, relying upon the language of Rule 54(d)(2) that an attorney fee claim must be filed "no later than 14 days after entry of judgment." This argument is misplaced. The litigation in this matter is ongoing and no judgment has been entered

to trigger the filing requirement of Rule 54(d)(2)(B).

Given the prior dismissals of the claims against the Attorneys, they are entitled to fees pursuant to the statute. However, their application is inadequate. The defendants submit only a bare-bones affidavit of its attorney as well as the apparent monthly billings of that attorney. This does not satisfy my Pretrial and Trial Procedures which require that the motion pursuant to D.C.COLO.LCivR 54.3 shall include "an affidavit of an independent attorney (not representing any party in the litigation) concerning the reasonableness of the hourly rates and hours claimed by the movant." The minimal information that has been provided does not allow me to conclude that the rates or the hours were reasonable under the circumstances. Accordingly, the motion should be granted in part as to the entitlement of fees but denied in part as to the amount without further submission.

Accordingly, it is ordered:

1. Defendants Bill Beard, Sidney R. Clarke, III's and Gary Mahaffey's motion to dismiss and for attorney's fees, filed April 27, 2005 (Docket No. 104), is denied.

2. Plaintiff Harry Ptasynski's motion to strike, filed May 17, 2005 (Docket No. 116), is denied.

3. Defendant CO2 Claims Coalition's partial motion to dismiss, filed May 25, 2005 (Docket No. 118), is denied.

4. Defendants John M. Cogswell, James Leo Crowley, David C. Hjelmfelt, and Michael J. Heaphy's motion for attorney's fees and costs, filed June 1, 2005 (Docket No. 121), is granted in part and denied in part as provided above. Said

       Defendants may file amended affidavit(s) in support of their motion pursuant to D.C.COLO.LCivR 54.3 and Section 7 of my Pretrial and Trial Procedures by April 14, 2006.  Plaintiff may respond by April 28, 2006.

5. The following claims remain pending against Defendants Beard, Clarke, and Mahaffey: First (theft), Third (breach of duties), Fifth (tortious interference), Sixth (conspiracy), Seventh (negligence), and Eighth (declaratory judgment).

6. The following claims remain pending against Defendant CO2 Claims Coalition: First (theft), Second (breach of contract), and Eighth (declaratory judgment).

DATED at Denver, Colorado, on March 20, 2006.

                                     BY THE COURT:

                                     s/ Walker D. Miller
                                     United States District Judge