IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 02-cv-00830-WDM-MEH

HARRY PTASYNSKI,

      Plaintiff,

vs.

CO2 CLAIMS COALITION, LLC, *et al.*,

      Defendants.

_____

**ORDER ON MOTION TO QUASH PLAINTIFF'S SUBPOENA
TO PRODUCE DOCUMENTS SERVED ON REBEL ROBERTSON**
_____

Defendant has filed a Motion to Quash Plaintiff's Subpoena to Produce Documents Served on Rebel Robertson (Docket #173) ("Motion to Quash"). A response has been filed, and oral argument would not materially assist the Court in adjudicating the Motion. For the following reasons, Defendant's Motion to Quash will be **granted in part** and **denied in part**.

## BACKGROUND

It appears that the Plaintiff was (or perhaps still is, according to him) a member of Defendant CO2 Claims Coalition, LLC ("Coalition"). The Coalition was formed to pursue litigation against Shell and Mobil Oil Companies concerning issues of wrongful pricing and tariffs in connection with production of $CO_2$ gas in Colorado, transported to Texas. Plaintiff also pursued his own case in Texas against Shell and Mobile, on which he prevailed. This lawsuit concerns whether Plaintiff is also entitled to a share of the settlement that the Coalition achieved with Shell and Mobile.

One of the Defendants in this case is Bill Beard. Mr. Beard's daughter, Rebel Robertson, served as the Coalition's accountant beginning in 2002, allegedly when the prior accountant (Mr.

Oerke) refused to file false income tax information and resigned. On June 23, 2006, counsel for Plaintiff issued a Notice of Oral and Videotaped Deposition Duce (sic) Tecum, along with a subpoena *duces tecum* of Ms. Robertson, specifying July 25, 2006 as the date of the deposition. This was served on Ms. Robertson on July 12, 2006. Ms. Robertson was commanded to bring copies of the Coalition's tax returns and other materials for the period 2000-2005. As of July 3, 2006, the parties appear to have had an agreement by which Defendants would take the depositions of Mr. Oerke (by subpoena), Plaintiff, and Ms. Robertson in Dallas on July 25-26, 2006. If the Defendants chose not to subpoena Mr. Oerke for the Dallas deposition on July 25, the plan was to have Plaintiff's and Ms. Robertson's deposition in Denver on July 26. It does not appear that the parties had any agreement concerning production of records. On July 21, 2006, Defendant Coalition filed the present motion to quash the *duces tecum* portion of the subpoena for Ms. Robertson, but explicitly *not* the command to attend. Ms. Robertson did not show up for the July 25, 2006 deposition.

In the Motion to Quash, the Coalition contends that the subpoena *duces tecum* was inappropriate because (1) it subverts Fed. R. Civ. P. 34; (2) it was issued for the purpose of harassing the Coalition; (3) it seeks confidential information of third parties which is not relevant to the issues in this case; and (4) production of the documents would violate the Coalition's "personal rights and/or privileges." Plaintiff counters that Ms. Robertson should have attended the deposition, and her nonappearance resulted in costs of $252.00. Plaintiff also argues that there is no accountant privilege to prevent disclosures from a corporation's/partnership's accountant to its shareholders/partners. Plaintiff argues that under Colorado law which existed until 2004, a member of a limited liability company would be entitled to inspect and copy the company's records and tax returns. The Coalition did not file a reply to these arguments.

**DISCUSSION**

First, the Court does not agree that the subpoena *duces tecum* subverts Rule 34. This is a third-party subpoena, and Ms. Robertson may well have materials that are not in the possession of the Coalition. Second, given the parties' attempts to arrange Ms. Robertson's deposition and the apparent agreement, at least in June and July of this year, that her testimony is relevant, the Court does not believe that the purpose of the subpoena (which, on its face, was created prior to the parties' agreement) was to harass. Third, there is no accountant-client privilege under federal law. *United States v. Arthur Young and Co.*, 465 U.S. 805, 817 (1984); *United States v. Wainwright*, 413 F.2d 796, 803 (10th Cir. 1969) (stating that accountant privilege "is not recognized in federal court"). However, under Federal Rule of Evidence 501, this Court applies state law privileges, and there is an accountant privilege in Colorado. But the reasoning of cases such as *Neusteter v. District Court In and For the City and County of Denver*, 675 P.2d 1 (Colo. 1984), and the statutory provisions cited by Plaintiff, are sufficient to overcome the privilege in this case. Last, the Court is concerned with the privacy interests of persons who are not parties to this lawsuit. In particular, the Coalition objects to the production of K-1 Schedules of persons not parties to this lawsuit. Plaintiff has not responded effectively to this argument, other than to make the blanket assertion that he is entitled to "all schedules and Schedules K-1." Without further support that K-1 Schedules of other persons are relevant to his claims, the Court does not find a basis to require their production.

Finally, the Court believes that Plaintiff is entitled to $252.00 in costs, because the Coalition has not shown good cause why Ms. Robertson failed to attend the deposition aspect of the subpoena. Further, Plaintiff indicates, and Defendant does not dispute, that notice of the Robertson deposition was provided to counsel on June 23, 2006, and that Ms. Robertson was served with her subpoena

3

*duces tecum* on July 12, 2006.  The Motion to Quash, which was not filed until July 21, 2006, does not challenge Ms. Robertson's deposition attendance, but only the documents which were sought in the deposition, and does not request a stay of her deposition attendance during the pendency of the motion.  The Motion to Quash specifically sets forth that the Defendant "moves to quash the Subpoena to Produce served on Ms. Robertson, not the Subpoena to Attend."  Accordingly, an award of the costs of the nonattendance is appropriately assessed against the Defendant.  The Court, however, denies all other requests for fees and costs.

### CONCLUSION

Accordingly, it is ORDERED that Defendant's Motion to Quash Plaintiff's Subpoena to Produce Documents Served on Rebel Robertson [Filed July 21, 2006; Docket #173] is **granted** in part, solely as to K-1 Schedules of third parties, and **denied** in all other respects.  It is further ORDERED that the Coalition is directed to pay $252.00 in costs to the Plaintiff for Ms. Robertson's failure to attend her deposition.  The parties are directed to cooperate in rescheduling Ms. Robertson's deposition at the earliest possible convenience.

Dated at Denver, Colorado, this 23rd day of August, 2006.

BY THE COURT:


 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge