IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 02-cv-00830-WDM-MEH

HARRY PTASYNSKI,

    Plaintiff,

vs.

CO2 CLAIMS COALITION, LLC, *et al.*,

    Defendants.

___

**ORDER ON PLAINTIFF'S MOTION FOR RULE 37 RELIEF AND SANCTIONS**
___

Plaintiff has filed a Motion for Rule 37 Relief and Sanctions (Docket #189) ("Motion for Sanctions"). The motion is fully briefed, and oral argument would not materially assist the Court in adjudicating it. For the following reasons, Plaintiff's Motion for Sanctions is **denied**.

It is clear that the attorneys in this case are not cooperating. This lack of cooperation is due in large part to a refusal to communicate in a civil fashion. If even a quarter of what the parties are arguing in the various motions for sanctions and other pleadings that have been filed in this case is true, both parties are violating the Federal Rules of Civil Procedure, this District's local rules, and the rules of professional conduct. This type of behavior is requiring an inordinate amount of judicial time and resources.

The present motion concerns Defendant CO2 Claims Coalition, LLC's failure to comply with discovery requests. In the Motion for Sanctions, Plaintiff's counsel argues that D.C.COLO.L.Civ.R 7.1(A) has been met because, at a deposition, he stated that on several occasions that there were matters that he would be "taking . . . up with the Court." He did not suggest to anyone that he was

considering a motion for sanctions. This Court regards an attempt to "meet and confer" under the Local Rules to be a live exchange of ideas and opinions, not satisfied by one-sided vague comments made at a deposition. Further, it is the Court's opinion that before a litigant moves for sanctions, which the Court takes very seriously, the prospect for *sanctions* must be raised with opposing counsel, because it most often does, and should, result in a change in the alleged conduct that precipitated such a threat. Here, Plaintiff's counsel did not discuss the threat of a sanctions motion with opposing counsel. That sort of lack of communication is precisely why the attorneys in this case find themselves in a position of constantly fighting. The Court will not bless such an atmosphere. Although the Court agrees that, if true, some of the conduct alleged in Plaintiff's motion might be worthy of serious consideration for sanctions, the procedural prerequisite has not been met.

Therefore, it is ORDERED that Plaintiff's Motion for Sanctions (Docket #189) is denied.

Dated at Denver, Colorado, this 27th day of October, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge