IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 02-cv-00830-WDM-MEH

HARRY PTASYNSKI,

    Plaintiff,
vs.

CO2 CLAIMS COALITION, LLC, *et al.*,

    Defendants.
_____

## ORDER ON DEFENDANTS' MOTION FOR SANCTIONS
_____

Defendants have filed a Motion for Sanctions based on Plaintiff's failure to appear at the Settlement Conference on October 3, 2006 (Docket #197) ("Motion for Sanctions"). The motion is fully briefed, and oral argument would not materially assist the Court in adjudicating it. For the following reasons, Defendant's Motion for Sanctions is **granted**.

In this case, Plaintiff is pursuing a seven-figure damage claim. On April 25, 2006, the Court set a Settlement Conference for October 3, 2006. The Court's Order stated that "parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel.)" Docket #167 at p.12. The Court's Minutes from the Scheduling Conference of April 25, 2006 state: "Attorney(s) and Client(s)/Client Representative(s), including an adjustor if an insurance company is involved, with full settlement authority **are to be present in person** for the Settlement Conference." Docket #165 (emphasis in original).

Plaintiff did not appear for the Settlement Conference and did not request nor receive leave of Court to be absent from the conference. The Settlement Conference was essentially a nonevent, and the Court believes that a major impediment was the absence of Plaintiff. Defendants note that CO2 Claims Coalition's representative flew from Oklahoma, and counsel for Mahaffey and

Mahaffey's representative with authority, Scott Krug, drove from Durango and Grand Junction, respectively. Defendant Mahaffey seeks one hour of attorney's fees ($150) and $162 in travel expenses. Defendants CO2 Claims Coalition, Beard and Clarke seek flight expenses of $541 and one hour of attorney's fees for their lawyers ($480). This totals $1333.00.

Plaintiff's counsel alleges that he was not aware of the requirement for Plaintiff to be present. He argues that he has never had to have a client present in all the settlement conferences he has attended in federal court in Colorado (most of which was in the Tenth Circuit Court of Appeals). Plaintiff's argument is curious. Including the Court Orders referenced above, at the Scheduling Conference in this case, the following colloquy took place concerning the Settlement Conference:

> Mr. Perry: How long do they, uh, do you normally anticipate settlement conferences lasting?
> Court: Until we settle the case . . . . I'm here for as much time as need be and, of course, we can always continue it to another day, it's just that when parties are traveling from out of the state, would either side have clients from out of state?
> Mr. Perry: Mr. Ptasynski lives in Wyoming.
> Court: Okay.
> Mr. Power: And Beard and Mr. Clarke are in Oklahoma.
> Court: Well, that's a little more difficult that Wyoming. What part of Wyoming?
> Mr. Perry: Caspar.
> Court: All right, well that's a good six or seven hour drive. So Mr. Perry, what's your concern about a 1:30? (Discussion about Mr. Perry traveling from Dallas).

After this discussion, coupled with the Orders that were issued after the April 25, 2006 Scheduling Conference, Plaintiff's counsel could not have reasonably believed that Plaintiff's presence was not required. In all Settlement Conferences before this Court, clients are required to be present, particularly the plaintiff in a bitterly contested case. The fact that the Tenth Circuit, in almost all cases, handles its mediations by telephone (as fact of which this Court is aware as a former practitioner before that judicial body) has nothing to do with compliance with the unambiguous orders

of this Court.

Finally, Plaintiff's counsel argues that a lone sentence in his settlement statement submitted to the Court by e-mail suffices as permission for the Plaintiff to be excused from the Settlement Conference. That sentence stated: "Plaintiff . . . has provided his attorney with full authority to settle the case on October 3, 2006." The Court disagrees.

If the federal courts are to provide anything to litigants, it is an even playing field with rules applied uniformly. In this case, the Defendants played by the rules. Plaintiff did not. This failure caused financial harm to the Defendants. Regardless of the parties' relative financial positions, the law is to be no respecter of persons. *Griffin v. Illinois*, 351 U.S. 12, 18 n.16 (1956). *See Wechsler v. R D Management Corp.*, 861 F. Supp. 1153, 1157 (E.D.N.Y. 1994) ("[A]bsolute impartiality must be observed whether the litigant is rich or poor."). However, this record presents no evidence that Plaintiff was made aware of the requirement to be present. The Court does not believe that punishing the unwary is appropriate. Therefore, Plaintiff's counsel shall be responsible for the costs awarded in this Order, which the Court finds to be a reasonable amount.

For the foregoing reasons, it is ORDERED that Defendants' Motion for Sanctions (Docket #197) is **granted**. Mr. Perry shall pay the costs and fees of Defendants' counsel in the amount of $1,333.00.

Dated at Denver, Colorado, this 27th day of October, 2006.

BY THE COURT:
s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge