IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 02-cv-00830-WDM-MEH

HARRY PTASYNSKI,

    Plaintiff,

v.

CO2 CLAIMS COALITION, LLC, a Colorado Limited Liability Company, et al.,

    Defendants.

---

**ORDER**

---

Miller, J.

This matter is before me on several matters: (1) a motion for summary judgment filed by Defendant Albert Gary Mahaffey (Mahaffey) on August 23, 2006; (2) a motion for summary judgment filed by Defendants William Beard ("Beard"), Sidney Clarke ("Clarke"), and CO2 Claims Coalition, LLC ("the Coalition") on August 31, 2006; (3) a motion to change the location of trial, filed by all Defendants on October 6, 2006; and (4) an appeal of magistrate's rulings, filed November 4, 2006. For the reasons that follow, Mahaffey's motion for summary judgment will be granted, the remaining motions will be denied, and the magistrate's rulings will be affirmed.

Background[1]

Plaintiff Harry Ptasynski's (Ptasynski) claims arise from his membership in the

---

[1] Unless otherwise noted, the background facts, drawn from the parties' various filings and supporting evidence, appear to be undisputed.

Coalition, a Colorado limited liability company (LLC) that was organized to litigate claims against mining companies for the wrongful pricing of carbon dioxide produced from the McElmo Dome Field in Colorado. In 1996, the Coalition sued Shell Oil Company ("Shell") and Mobil Oil Corporation ("Mobil") in this court, and their case was assigned to Judge Zita Weinshienk. In April 1997, Ptasynski joined the Coalition and assigned it his wrongful pricing claims. However, later in 1997 Ptasynski filed his own lawsuit against Shell and Mobil in the United States District Court for the Northern District of Texas, asserting claims that were very similar to the claims asserted by the Coalition before Judge Weinshienk.

In 1999, while the Coaltion's case was still pending, Ptasynski was awarded damages of $388,000 plus pre-judgment interest in his Northern District of Texas case. Then, while this award was on appeal, the Coalition reached a settlement in its case which would require all Coalition members to release their claims against Shell and Mobil. In order to protect his rights to his award from his Texas case, Ptasynski decided to opt out of the Coalition's settlement. Later in 1999, however, the United States Court of Appeals for the Fifth Circuit reversed Ptasynski's damages award.

In 2001, claiming that Ptasynski's decision to opt-out of their settlement with Shell and Mobil constituted a withdrawal of membership, the Coalition decided that Ptasynski was not entitled to any of the proceeds from this settlement. Ptasynski contests this decision, arguing that he never withdrew his membership, and that the Coalition had no right to simply kick him out. Therefore, Ptasynski brought this lawsuit, alleging various claims against the Coalition's managers and attorneys. Following two

2

amendments to the complaint and multiple motions to dismiss, the attorneys have been dismissed and there are seven claims pending for trial: civil theft (Claim One), breach of contract (Claim Two), breach of fiduciary duties (Claim Three), tortious interference with a contract (Claim Five), conspiracy (Claim Six), negligence (Claim Seven), and a declaratory judgment claim (Claim Eight).

## Standard of Review

To obtain summary judgment, "the moving party must meet its initial responsibility of demonstrating that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law." *Reed v. Bennett*, 321 F.3d 1190, 1194 (10th Cir. 2002); *see also* Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id.*

## Discussion

1. Summary Judgment Motions

Before proceeding to the merits of the motions, I must first address the issue of

admissions under Fed. R. Civ. P. 36(b). Ptasynski argues that Mahaffey failed to respond within thirty days to his requests for admissions. According to the certificate of service, Ptasynski's request was hand-delivered to Mahaffey by a FedEx courier on June 30, 2006. Because Rule 36 provides for a response to an admissions request within thirty days, Mahaffey's responses were due on July 31, 2006,[2] and indeed, the certificate of service on Mahaffey's responses indicate that they were mailed on this date. However, as Ptasynski has demonstrated, the envelope the responses were mailed in is stamped with an August 1, 2006 date. Mahaffey explains this discrepancy by claiming that he mailed the responses through stamps.com, which automatically changes the date to the next day if anything is mailed after 5:00 p.m.

Having considered this matter, I will accept Mahaffey's representations that he actually mailed the responses on July 31, 2006, and his explanation for the August 1 timestamp. In addition, even were I to find the responses technically late, I would extend the deadline under Rule 6(b)(2) due to excusable neglect and Ptasynski's failure to demonstrate prejudice. Therefore, I will consider Mahaffey's responses timely.

As for the merits, I note that both motions for summary judgment before me appear[3] to assert the same three grounds for summary judgment on all claims: (1) issue

---

[2] Because July 30, 2006 was a Sunday, this date is excluded from computations. Fed. R. Civ. P. 6.

[3] Defendants' briefs have minimal references to legal authority and virtually no meaningful analysis of how asserted legal precedent may apply to the facts of this case.

4

preclusion, (2) law of the case, and (3) immunity under Colo. Rev. Stat. § 7-80-406. I will therefore discuss them together.

    a.    <u>Issue Preclusion</u>

The defendants claim that the single issue underlying each of Ptasynski's claims is whether he was still a member of the Coalition entitled to a share of the 2002 settlement with Shell and Mobil, and that the doctrine of issue preclusion bars Ptasynski from re-litigating this issue. In support, the defendants correctly identify the four general elements of issue preclusion:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Park Lake Res. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004). In addition, the defendants point to an April 19, 2002 order by Judge Weinshienk specifically finding that Ptasynski had opted out of the Coalition's settlement with Shell and Mobil.

The defendants utterly fail, however, to explain how the elements of issue preclusion are met in this case. It is not self-evident that the issue before Judge Weinshienk — whether Ptasynski had opted out the settlement — should be considered, for issue preclusion purposes, identical to the issue presented in this case — whether Ptasynski's opt-out necessarily constituted a withdrawal of membership in the Coalition. The defendants do not present any caselaw or doctrine explaining why I

5

should conclude that the first element of issue preclusion is met in this case; they do not even articulate a reasoned argument on the issue. Therefore, I find that defendants have failed to meet their initial responsibility of demonstrating that no genuine issue of material fact exists and that they are entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Reed*, 321 F.3d at 1194. Accordingly, summary judgment will not be granted on the basis of issue preclusion.

      b.      <u>Law of the Case</u>

Intermingled with their issue preclusion arguments, the defendants also raise the issue of law of the case. Specifically, the defendants claim that Judge Weinshienk's finding that Ptasynski had opted out of the Coalitions settlement, and the Tenth Circuit's statement that Ptasynski's claims in the Northern District of Texas were "essentially the same" as the Coalitions claims against Shell and Mobil represent the law of the case. It is not clear whether Defendants intend their law of the case arguments as an alternative ground supporting summary judgment. To the extent they do, they fail to offer any explanation of how the law of the case doctrine applies here, since both Judge Weinshienk's finding and the Tenth Circuit's comment were made in cases distinct from the current case. *See United States v. Webb*, 98 F.3d 585, 587 (10th Cir. 1996) ("Under the law of the case doctrine, findings made at one point during litigation become the law of the case for subsequent stages of that *same litigation*.") (emphasis added). Therefore summary judgment is not appropriate based on the law of the case.

      c.      <u>Immunity Under Colo. Rev. Stat. § 7-80-406</u>

6

Although it has since been altered, at all times relevant to this case, Colorado law provided that a manager of an LLC "shall not be liable by reason of being" such a manager, so long as he performs his duties as a manager "[1] in good faith, [2] in a manner he reasonably believes to be in the best interests of the limited liability company, and [3] with such care as an ordinarily prudent person in a like position would use under similar circumstances." Colo. Rev. Stat. § 7-80-406 (2003). According to the defendants, their actions relating to this case have always met these standards, and they are therefore entitled to summary judgment.

As to defendants Beard and Clarke, Ptasynski argues that this statute does not apply because they were never legitimately elected as managers of the Coalition. According to Ptasynski, Beard and Clarke became managers due to an improper vote to increase in the total number of managers. Specifically, Ptasynski argues that at least a two-thirds majority is legally required, but the number was nonetheless increased to three in 2001 on a majority vote of only 59 percent. (*See* Transcript of Coalition Meeting, July 12, 2001, Exs. 3 & 4 to Pl.'s Resp. Br., Docket No. 187, at 31-38)

In response, Beard and Clarke do not dispute Ptasynski's factual claims, but merely argue that Ptasynski has failed to cite any authority for a two-thirds requirement, and that the Coalition's operating agreement and articles of organization do not support such a requirement. I disagree. Ptasynski cites to Colo. Rev. Stat. § 7-80-402(1) (2001), which, in relevant part, provides as follows:

The number constituting the initial manager or group of managers shall be

7

> fixed by the articles of organization. The number of managers may be increased or decreased, but no decrease shall have the effect of shortening the term of any incumbent manager. The number of managers shall be the same as that provided for in the articles of organization.

Admittedly, this statute is not a model of clarity. Neither the Coalition's articles of organization, nor its operating agreement specifically state a number of managers, but the articles of organization list two initial managers. Interpreting these documents in light of the statute's clear requirements that the initial number of managers be fixed by the articles of organization, and that the number of managers be the same as provided therein, I conclude that the articles of organization provide for two managers. Thus, a change to three required an amendment of the articles.

Under the 2001 Colorado statutes, articles of organization could only be amended as provided in the operating agreement or by written consent of all members. Colo. Rev. Stat. § 7-80-209 (2001). With exceptions not applicable here, the operating agreement provides that voting power of the members shall be exercised by a majority of capital interests. (*See* Operating Agreement, Ex. S to Defs.' Surreply Br., Docket No. 202, at § 2.4) Accordingly, the 2001 vote would be adequate to amend the articles, but there is no indication that the Coalition ever filed articles of amendment as required by Colo. Rev. Stat. § 7-80-209(5). Accordingly, there exists a genuine issue whether Beard and Clarke are entitled to managerial immunity.

As for Mahaffey, however, Ptasynski does not dispute that at all relevant times he was a legitimate manager of the Coalition. And, Mahaffey has produced evidence that at all relevant times, he met the requirements of § 7-80-406(1). Ptasynski never

8

directly argues that Mahaffey did not meet these standards. Rather, Ptasynski alleges that Mahaffey became embroiled in a conflict of interest relating to "tag-along" cases, which were claims brought by non-Coalition members against Shell and Mobil. Specifically, Ptasynski has produced evidence that Mahaffey agreed to act as an agent for the plaintiffs in the tag-along cases at the same time he was acting as the Coalition's agent. Ptasynski fails, however, to explain how this alleged conflict of interest relates to Mahaffey's participation in the Coalition's determination that Ptasynski was no longer a member of the Coalition. As a result, I find that Ptasynski has failed to produce any evidence demonstrating a genuine issue of material fact as required by Fed. R. Civ. P. 56(e). I interpret all of Ptasynski's claims to be based on Mahaffey's status and actions as manager. Mahaffey is therefore entitled to summary judgment.

2.  Motion to Change the Location of Trial

Defendants have also filed a motion to change the location of trial from Denver to Durango, Colorado. The primary basis for this request is the convenience of Mahaffey and his attorney, who both reside near Durango. As Mahaffey will be dismissed from this case, his convenience is now less of a factor. But more importantly, after considering all of the relevant factors, *see Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995) (noting that in considering motions for intra-district transfer under 18 U.S.C. § 1404(c), courts generally consider the factors relevant to change of venue motions under § 1404(a)), I conclude that Denver is the most convenient location for this trial. Defendants' motion will therefore be denied.

3. <u>Appeal of Magistrate Rulings</u>

Finally, pursuant to Fed. R. Civ. P. 72(a), Ptasynski appeals two orders issued by Magistrate Judge Hegarty on October 27, 2006. First, Ptasynski argues that Magistrate Judge Hegarty erred by refusing to allow him leave to file a surreply brief to the summary judgment motions. Specifically, Ptasynski argues that he needed to respond to new arguments and evidence that Defendants raised for the first time in their reply briefs. Second, Ptasynski argues that Magistrate Judge Hegarty erred in denying a motion for sanctions against Defendants Beard, Clarke, the Coalition, and their attorneys. I disagree and will affirm both orders.

As to the surreply brief, Ptasynski's motion failed to identify which of Defendants' arguments and evidence were raised for the first time in their reply briefs. Ptasynski therefore failed to demonstrate that he was entitled to relief. It is not Magistrate Judge Hegarty's duty to carefully compare Defendants' opening brief with their reply brief in an attempt to locate newly raised issues or evidence. Moreover, Ptasynski is not prejudiced by Magistrate Judge Heagarty's order because he prevailed on summary judgment on every issue except managerial immunity for Mahaffey — an issue clearly raised in Mahaffey's opening brief. Accordingly, Magistrate Judge Hegarty's order was not "clearly erroneous or contrary to law," Fed. R. Civ. P. 72(a), and will therefore be affirmed.

As for the motion for sanctions, Magistrate Judge Hegarty based his denial upon Ptasynski's failure to satisfy Local Rule 7.1. This rule clearly states that the court will not consider a motion such as Ptasynski's unless he has "made reasonable, good-faith

efforts to confer with opposing counsel . . . to resolve the disputed matter," and has so certified in his motion. D.C.COLO.LCivR 7.1. In his appeal, Ptasynski does not argue that he did indeed satisfy Local Rule 7.1. Rather, he generally recites instances where he feels that Defendants have acted improperly — apparently in an attempt to show that he should be relieved of his Rule 7.1 obligations. Ptasynski's arguments, however, are unpersuasive, and I agree with Magistrate Judge Hegarty that he failed to satisfy Local Rule 7.1. Denial of his motion was therefore appropriate.

Accordingly, it is ordered:

1. Defendant Albert Gary Mahaffey's motion for summary judgment, filed August 23, 2006 (Docket No. 181), is granted.

2. All of Plaintiff's claims against Defendant Mahaffey are dismissed.

3. The summary judgment motion filed by Defendants William Beard, Sidney Clarke, and CO2 Claims Coalition, LLC on August 31, 2006 (Docket No. 184) is denied.

4. Defendants' motion for change of location of trial, filed October 6, 2006 (Docket No. 198), is denied.

5. Plaintiff's objections to Magistrate Judge Hegarty's October 27, 2006 orders, filed November 4, 2006 (Docket No. 233), are overruled.

6. The following claims remain pending for trial against Defendants Beard and Clarke: civil theft (Claim One), breach of fiduciary duties (Claim Three), tortious interference with a contract (Claim Five), conspiracy (Claim Six), negligence (Claim Seven), and a declaratory judgment claim (Claim Eight).

7. The following claims remain pending for trial against Defendant CO2 Claims Coalition, LLC: civil theft (Claim One), breach of contract (Claim Two), and a declaratory judgment claim (Claim Eight).

DATED at Denver, Colorado, on December 15, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge