IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 02-cv-00830-WDM-MEH

HARRY PTASYNSKI,

    Plaintiff,

v.

CO2 CLAIMS COALITION, LLC, a Colorado Limited Liability Company, et al.,

    Defendants.

## ORDER ON MOTION TO RECONSIDER

Miller, J.

    This matter is before me on Plaintiff's motion to alter or amend findings, filed December 22, 2006, seeking reconsideration of my December 15, 2006 order. For the reasons given below, this motion will be denied.

    Plaintiff purportedly moves pursuant to Fed. R. Civ. P. 52. However, Rule 52 applies to situations where the court has made specific findings of fact, such as after a trial to the court or in connection with a motion for injunctive relief. My order dealt with two summary judgment motions, a motion for change in location of trial, and an appeal from a magistrate's rulings. Therefore, Rule 52 does not apply, *see* Fed. R. Civ. P. 52 ("Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in subdivision (c) of this rule."), and I must therefore determine how Plaintiff's motion should be construed.

    Since the thrust of Plaintiff's motion argues that my order was in error and asks

me to reconsider my conclusions, it is possible that Plaintiff intended to move pursuant to Rule 59(e) or 60(b). Under either of these rules, however, the motion should be denied. First, Rule 59(e) is inapplicable, because it applies only to judgments, and there have been no judgments in this case. *See* Rule 54(a); *Broadway v. Norris*, 193 F.3d 987 (8th Cir. 1999) (holding that a motion for "reconsideration" that is directed to a non-final order as opposed to a judgment, should be construed as a Rule 60(b) motion).

Second, when analyzed under Rule 60(b), the motion fails because it does not demonstrate sufficient cause. Plaintiff's motion merely argues that I misunderstood his position, argues that I misapplied the law, and asserts new facts and arguments that could have been, but were not, raised before. Such arguments and tactics, however, cannot support Rule 60(b) relief. *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991).

Accordingly, it is ordered that Plaintiff's Motion to Reconsider, filed December 22, 2006, is denied.

DATED at Denver, Colorado, on January 17, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge