IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 02-WM-00830-WDM-MEH

HARRY PTASYNSKI,

 Plaintiff,

v.

JOHN M. COGSWELL, JAMES LEO CROWLEY, DAVID C. HJELMFELT, MICHAEL J. HEAPHY, ALBERT GARY MAHEFFEY, BILL BEARD AND SIDNEY R. CLARKE, III,

 Defendants.
_____

# ORDER REGARDING ATTORNEY'S FEES
_____

  With my March 21, 2006 order (doc. no. 142), I concluded that Defendants John M. Cogswell, James L. Crowley, David C. Hjelmfelt and Michael J. Heaphy were entitled to attorney's fees and costs but that their application failed to meet the requirements of my pretrial and trial procedures because it did not contain an independent attorney's affidavit of the reasonableness of the hours and rates claimed. Pursuant to that order, Defendants timely filed the affidavit of Daniel Hoffman, ("Hoffman") (doc. no. 153), an experienced trial lawyer in Colorado, opining that the hourly rates ($275 to $375 per hour) that Defendant's attorney, William J. McCarren, charged were reasonable and, although he did not specifically address the number of hours, that Hoffman concluded that the fee was fair and reasonable.

  Plaintiff's response provides no countervailing affidavit or other competent evidence and instead relies solely on conclusory allegations that the rates and time

charges are excessive. Plaintiff argues that a more proper rate would be the statutory rates provided in 28 U.S.C. § 2412(d) and 26 U.S.C. 7430 ($125 absent other factors). Plaintiff does not challenge any of the claimed costs of $1,477.33.

Otherwise, Plaintiff's response attempts to revisit the issue of whether Defendants were entitled to fees and asserts that I lost jurisdiction to award fees when the Defendants were dismissed. Arguments concerning entitlement are untimely and the claim that I lack jurisdiction is without merit. I retain jurisdiction after a case is dismissed or otherwise concluded to determine whether to award costs and attorney's fees.

Turning to the fees and their reasonableness, Defendants claim totals:

| | |
|---|---|
| Attorney's Fees | $19,100 |
| Costs | $1,477.33 |
| Expert witnesses fee | $3,206.25 |
| TOTAL: | $23,783.58 |

Defendants have presented competent evidence of the reasonableness of the McCarren charges based upon an analysis of the factors identified in Rule 1.5 of the Colorado Rules of Professional Conduct which factors are quite similar to the *Johnson* factors, articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974), which have been adopted in the Tenth Circuit, see *Uselton v. Commercial Lovelace Motorfreight, Inc.*, 9 F.3d 849 (10th Cir. 1993).

Since Plaintiff presents no countervailing competent evidence, I am left to consider a *Lodestar* approach which is based upon rates established to be reasonable in the Denver area. *See Zachel v. City and County of Denver*, 997 F.2d 730, 746 (10th

Cir. 1993). From my experience the hourly rates claimed are on the very high side for the time period involved (April 2002 through April 2005). I infer from the willingness of Mr. McCarren to "discount" his rate to $275 an hour, that a reasonable hourly rate would be that amount. Taking into account, however, the delay in awarding attorney's fees justifies a use of a rate that is more current which would roughly approximate an inflation adjustment and lack of pre-judgment interest. *See Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983). I therefore conclude that an hourly rate of $350 is appropriate for this award. Accordingly, the Defendant should be awarded attorney's fees in the amount of $350 x 51.6 hours = $18,060.

Plaintiff does not contest the costs claimed and they will therefore be awarded.

I decline to award the expert fees as an additional cost. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *Chaparral Resources, Inc. v. Monsanto Co.*, 849 F.2d 1286, 1293 (10th Cir. 1988).

It is therefore ordered:

1. Judgment shall enter in favor of Defendants John M. Cogswell, James L. Crowley, David C. Hjelmfelt and Michael J. Heaphy and against Plaintiff in the amount of $18,060.00 in attorney's fees and $1,477.33 in costs for a total of $19,537.33.

DATED at Denver, Colorado, on March 18, 2009.

               BY THE COURT:

               s/ Walker D. Miller
               United States Senior District Judge